UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

GUOQING LIU,

    Petitioner,

v.

PHILLIP VALDEZ, et al.,

    Respondents.

No. 6:26-CV-040-H

## ORDER

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. ___ F.4th ___, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *see* 8 U.S.C. § 1225(b)(2)(A). Guoqing Liu, a native and citizen of China, is one such alien, having illegally entered the United States three years ago. His habeas petition, filed shortly after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the text of the INA and the Fifth Amendment's Due Process Clause. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Liu's due process claim is the only remaining non-foreclosed issue. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Liu are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Therefore, the petition (Dkt. No. 1) is denied.

Because the facts and legal arguments presented in this petition are indistinguishable from those recently addressed by the Court in several prior cases,[1] "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243.  Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here.  *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).  The petition (Dkt. No. 1) is denied.

1.    **Background**

Liu is a native and citizen of China.  Dkt. No. 1 ¶ 1.  In May 2023, he attempted to enter the United States.  *Id.*  He was apprehended.  *Id.* ¶ 2.  After being apprehended, DHS served Liu with a Notice to Appear, charging him with removability as "an alien present in the United States who has not been admitted or paroled."  *Id.* ¶ 1; 8 U.S.C. § 1182(a)(6)(A)(i).  Liu's entry was part of "a wave of illegal entries" across the U.S.-Mexico border and happened amid a severe "lack of space to hold detainees."  *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *1 (N.D. Tex. Jan. 15, 2026).  So, ICE released him on recognizance.  Dkt. No. 1 ¶ 2.

In July 2025, ICE detained Liu in Oklahoma City and placed him in custody pending removal.  *Id.* ¶ 3.  He is currently detained in the Eden Detention Center in Eden, Texas.  *Id.*  And he is held without bond.  *Id.* ¶ 1.  It is not clear whether Liu has sought a bond hearing from an immigration judge.  Even so, immigration judges are obliged under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado* to deny such requests

---

[1] *See, e.g.*, *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679 (N.D. Tex. Jan. 9, 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

for lack of jurisdiction. 29 I. & N. Dec. 216 (BIA 2025). That is because *Yajure Hurtado* holds that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. *Id.* at 220.[2]

Because no immigration judge will grant bond, Liu seeks a writ of habeas corpus. Dkt. No. 1. The petition states two claims for relief. First, Liu alleges that his detention without bond violates the INA. *Id.* ¶¶ 37–38. He argues that Section 1225(b)(2)(A) does not apply to aliens who, like him, previously entered the United States illegally and have been living in the country prior to being apprehended and placed in removal proceedings. *See id.* ¶¶ 19–21. In his view, the proper statutory authority for his detention is Section 1226(a), which permits immigration judges to release aliens on bond while their removal is pending. *Id.* ¶ 38. Besides his statutory claim, Liu also contends that his detention without bond violates his substantive and procedural due process rights. *Id.* ¶¶ 27–36.

Two days before Liu filed his petition, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 2026 WL 323330, at *1. The Court turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien

---

[2] Typically, a "person seeking habeas relief must first exhaust available administrative remedies." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018). An exhaustion requirement in this context is likely prudential, not jurisdictional. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion only for a "final order of removal"). That said, it would be "an exercise in futility" for Liu to seek a bond hearing. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). The BIA issued *Yajure Hurtado* on September 5, 2025. Given the recency, there is little prospect that the BIA would reconsider *Yajure Hurtado* here. Thus, Liu's habeas petition does not present an exhaustion problem. *See id.*

*shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added).  The Court found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp.  *Buenrostro-Mendez*, 2026 WL 323330, at *4 (quoting *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

2. **Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases.  *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment or custody."  *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).  Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

3. **Analysis**

As noted above, Liu raises two claims in his habeas petition—one involving Sections 1225 and 1226 of the INA, and another based on the Fifth Amendment's Due Process Clause.  Dkt. No. 1 ¶¶ 27–38.  *Buenrostro-Mendez* forecloses Liu's statutory claim.  Thus, the only claim left for consideration is Liu's due process claim.  The Court has repeatedly rejected identical due process arguments.  *See supra*, n.1.  Nevertheless, the Court considers

the arguments raised in Liu's petition to address whether bond-less detention violates the Constitution. The answer is no.

### A. *Buenrostro-Mendez* forecloses Liu's INA claim.

Liu does not address whether he is an applicant for admission, but it is apparent that he is one. Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Liu is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 2026 WL 323330, at *1. Thus, Liu's INA claim fails.[3]

### B. The Due Process Clause does not require the government to give Liu a bond hearing.

Next is Liu's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 27–36. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Liu's arguments. He asserts that his detention without bond violates both his substantive and procedural due process rights. But on either approach, Liu is not entitled to relief.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v.*

---

[3] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.1.

*Glucksberg*, 521 U.S. 702, 720–21 (1997)).  While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures.  The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens."  *Muñoz*, 602 U.S. at 911–12.  To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens."  *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

      The principle is no less true for immigration detention.  In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings.  In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).  But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process."  *Id.*  Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal."  *Id.* at 528.  It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings."  *Id.* at 526.  Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

      Liu's procedural due process claim fares no better.  He seeks relief relying on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976).  *See* Dkt. No. 1 ¶¶ 33–36.  The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges.  The Supreme Court said as much: "[W]e have never viewed

*Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-194, 2025 WL 3764016, at *7 (N.D. Tex. Dec. 30, 2025). The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.") (quotation omitted). Critically, aliens who are released into the United States pending removal are "treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139.

As an "applicant for admission," Liu has "only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140; *Landon*, 459 U.S. at 32. With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have

– 7 –

concluded." *Jennings*, 583 U.S. at 297.  No part of the statute "says anything whatsoever about bond hearings." *Id.*  Accordingly, Liu is not entitled to a bond hearing as a matter of procedural due process.

**4.    Conclusion**

In short, Liu, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A).  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  And the Due Process Clause does not require a bond hearing in these circumstances.  Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on February 10, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE